**ZHI LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–0721–ag.

United States Court of Appeals, Second Circuit.

Nov. 9, 2009.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Francis Fraser, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROBERT D. SACK, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhi Li, a native and citizen of the People's Republic of China, seeks review of a February 6, 2009 order of the BIA denying her motion to reopen. *In re Zhi Li*, No. A077 341 443 (B.I.A. Feb. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Li's motion to reopen, which was filed seven years after the agency issued a final order of removal, was untimely. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limitation for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably found that Li's motion to reopen did not qualify for such an exception.

█ The BIA properly found that Li failed to establish changed country conditions in China based on her baptism or the birth of her children in the United States. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). And contrary to Li's contention, the BIA did not abuse its discretion in declining to find that she had established changed circumstances in China based on the Chinese government's discovery of her activities in the United States because the BIA reasonably relied on its underlying adverse credibility determination to decline to credit the only evidence of such changed circumstances. *See Qin Wen Zheng v. Gonzales,*

500 F.3d 143, 146–49 (2d Cir.2007) (citing *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007)). Because the agency did not err in finding that Li failed to demonstrate changed circumstances in China, it did not abuse its discretion in denying her motion to reopen as untimely filed. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.